Good morning, Your Honors. May it please the Court and Counsel, my name is Krista Hart. I represent Appellant Luis Alberto Martinez. My goal is to reserve three minutes for rebuttal argument. In this case, I think the first issue we need to address is the scope of the Certificate of Appealability. What issue is certified for appeal? And I briefed that, and I think it's possible that I made it a little more clear. One would be the substantive juror misconduct claim. The other would be the ineffective assistance of counsel claim in relation to the juror misconduct claim. The first substantive juror misconduct claim concerning the jurors considering the sentence, potential sentence for Mr. Martinez, was actually raised on direct appeal, and it was actually exhausted, timely exhausted, in the petition for review in the California Supreme Court. So when you read the district court's order issuing the Certificate of Appealability, there would be no reason to have to address or concern oneself with cause and prejudice, because the substantive juror misconduct claim is clearly before the court. There's no procedural bar at issue. So I think it seems clear. Sotomayor It's only one claim of juror misconduct? That's where I got a little confused. It is very confusing, because there were numerous issues of juror misconduct that were raised. However, on the first appeal of this case, most of those were considered on the merits and denied. Thus, based on law of the case, those have been denied. The one claim that they did find, the defendant's sentence might be. Sotomayor Although we didn't describe what that was in any detail, I guess. That's true. But they did – there was a reference that said that the declarations contained relevant evidence that would be admissible. And so I think, reading it all together, I think it's a logical conclusion that that is admissible evidence, and that that's what the issue is. And essentially you have the situation where the defendant's convicted, and Attorney Panario is contacted by a juror. He doesn't want to talk to the juror, tells the juror to send it to, you know, contact the judge. He does file a motion for a new trial, based on what is in the affidavit. So I'm trying to decide how anything could really, you know, if – if you get – you know, how are you stating a claim that really has any substance to it, or how would it really – you know, trying to pull it all apart, because at the trial court, there was a motion for a new trial. The motion for the new trial was based on what we're talking about here for the most part. I actually disagree with that, because the motion for a new trial, if Your Honors read it, it's at the clerk's transcript at, I believe, page 576. The motion for a new trial is a page and a half long. The first page is – three-quarters of it is basically the name, the title, the notice of the motion. The substantive motion only addresses what was raised in the letter, and within the contents of the letter, there is nothing about considering the defendant's sentence. She simply says in that letter, basically, I was badgered, I was manipulated, I was deceived, I felt pressure. She felt that they were forced to find a guilty verdict based on things like the rule of law, which she felt was contrary to common sense and what the law should be. So the fact that defendants sentenced, that only came out at the evidentiary hearing on the motion for new trial. So had defense counsel sat down and said, okay, well, I understand you have some concerns. What are all of these concerns? Well, couldn't the defense counsel – I mean, this defense counsel is an experienced defense counsel, obviously. Couldn't he have been concerned about the fact that, you know, meddling with the jury verdict, you know, getting the issue to the court, letting the court do it, but not, you know, but not interfering, you know, being a – you know, to have more credibility with the court when it finally comes about? I understand that, Your Honor, but two things on that. First, once the jury reaches a verdict and they're released from the admonition, they're like any other witness. You don't have that same concern. What I understand when you have a jury trial that's pending, counsel is not supposed to have any communication with jurors. You need to be scrupulous about that. And I understand that. But once the jury verdict is rendered and the jury is released from their admonition, they would be just like any other witness. And – But there are things that we can't inquire into. And ordinarily we can't inquire into what the jurors said to each other during the course of deliberation. I agree with that on for whether it's admissible and whether it's a basis for a new trial. Right. But let me take the next step. In our prior disposition, we indicated that there was extrinsic evidence that may have been considered. Yes. And what I am not understanding is what is that extrinsic evidence? What are we talking about here that's different from what the jurors said to each other about possible sentencing, which would not be ordinarily admissible? Actually, I think I might disagree with that statement. Because it seemed like what the initial panel said was the information concerning the defendant's potential sentence was the extrinsic evidence. Well, what information was that? It was information that one defendant said, well, because he was a minor, he'll be out of prison. One juror, you mean. One juror. I'm sorry. Yes. One juror said that because the defendant was a minor, he could only be in prison until age 21. Another juror said that because he was a minor, he could only stay in prison until he was 25. I think another juror said his sentence would only be 15 years because he was a minor. And all of those are its information that is legal information that was not presented at the trial. One, the court instructed you're not to consider sentence when deliberating, which they did. And two, that is extrinsic evidence because that's not anything that was talked about during the trial. Okay. But the ‑‑ all right. But then in the motion for the new trial, this witness, the juror ‑‑ what was the juror's name? Griffin. Griffin. Juror Griffin. Was ‑‑ gave testimony. And there she said penalty was talked about. Right? All right. So the other evidence that you would present at this time would be these other jurors. Correct. And they would basically ‑‑ I mean, an argument could be made they would be cumulative that there was this discussion. The court didn't ‑‑ the court ‑‑ did the court not believe that the discussion happened? It wasn't that. The court just said, hey, it's not a basis for a new trial. Right? I believe he used the word sufficient, that it wasn't sufficient. And so if it's not sufficient, if one juror's recollection of what occurred isn't sufficient, then if you have two or three jurors, then that might rise to the level of sufficiency. The other problem with this is that because Mr. Peniero relied on the letter written by Ms. Griffin, which, of course, she's not an attorney, she doesn't know what's admissible, she writes out her feelings, his motion for new trial doesn't address extrinsic evidence, doesn't address the sentencing issue at all. I want to ask you a quick question just in another area. Trevino has obviously come out since this case was briefed. Yes. Now, the question of whether Martinez v. Ryan applies in California under Trevino in my view is probably a question of law. Do you think it's a question of fact or a question of law? I believe, well, it could be a question of fact and law because on its face it seems that it's a question of law because appellate courts say that it shouldn't be raised IIC shouldn't be raised on direct appeal if there's any conceivable basis for that. But whether Trevino applies, I mean, you don't need an evidentiary hearing to determine that. We can determine whether Trevino applies to California. I believe it applies. Okay. Do you want to save the balance? Yes. Thank you. Good morning. Good morning. May it please the Court. Sally Espinoza, Deputy Attorney General on behalf of a respondent. I would also like to start with the certificate of appealability because I think I just, can you quickly deal with Trevino? Are you still taking, are you, after Trevino, are you still taking the position that Martinez v. Ryan doesn't apply to California? No, because I think there's still some issues from Martinez that are relevant. So you're still taking the position it doesn't apply to California? That Martinez v. Ryan doesn't apply to California? Correct. Even though Trevino seems to be a harbinger of saying so much? Well, there is the question, though, of whether Trevino, whether Texas and California are the same in order to determine whether Trevino applies in California. Well, for purposes of this argument, can we just assume right now that it does apply? Sure. Certainly. But back to the issue, the scope of the certificate of appealability, I think that there, one thing I really want to stress to the Court is that in looking at it, the both logic and plain language of the certificate indicate that the only claim that has been left unadjudicated is this juror misconduct claim. And I think if you look at the language of the certificate, it specifically says, except for the claim that jurors considered sentencing while deliberating and whether in this respect Petitioner has shown cause and prejudice to overcome the procedural bar, and then says a certificate of appealability is issued solely regarding this latter claim. And then finally, the order says, again, a certificate of appealability is issued solely with regard to Petitioner's claim that he has shown cause and prejudice to overcome the procedural bar concerning the juror misconduct claim. And also, logic would dictate that the IAC claim is not to be considered because the district court also said that the district court considered the merits. They found, the district court found that the IAC claim had been barred, but then also went on to discuss the merits. And so that issue is not, in our view, is not before the Court. So why should we decide this case instead of giving the district courts the first crack to apply Trevino to Martinez? Well, certainly, Your Honor, I think that if the Court is inclined to go that way, that makes sense to take that approach. Why? Because the district court decided it's a matter of law. We can do it right here. Well, because this, the claim itself hasn't been briefed. It hasn't been addressed. And so that's why we're here now. So we can decide whether we want to send it back. But could we, I would like you to touch on the merits here. What, if there, what in your view is the ineffective assistance of counsel claim that we ought to be talking about? To the extent that there is one, it should, it is, in my judgment, is just the ineffective assistance of post-conviction counsel and whether her actions in filing the State habeas were, if those actions were. Well, it took her two, it took her two years to file the State habeas after completing her investigation. Her reason was ordinary press of business. Why isn't that deficient? Because, Your Honor, I think certainly if I were Mr. Martinez, I would, I would not be happy about that. But at the same time, she has, it wasn't intentional. And it's unlike the case that Mr. Martinez cites of Spitzin, because it wasn't intentional. She was, certainly it's not, it's not okay to, to not meet deadlines, but I don't think it rises to the, certainly doesn't rise to the, I think, Strickland standard of ineffective assistance of counsel. Assuming, let's assume again that it doesn't meet the, the delay and the failure to file was not in accordance with professional standards. Could you talk a little bit about prejudice? Yes, Your Honor. The prejudice, I think, is, I can't define with, with great clarity what the prejudice exactly is, but I think in this case it would have to be something, something more than the prejudice of Strickland, because in, in that setting, it would be any time that there's a default, then every single case would, there would be prejudice in every single case if, if the measure under, under Strickland is that there was simply a default. So I think it's something more than that. Well, why isn't there prejudice here? If you don't, shouldn't you be able to say that? There's not prejudice? Yes. Why is there not prejudice? Well, because there's no indication that the, that his claims would have been meritorious. And why is that? Well, again, in part because the, going back to the certificate of appealability, the IAC of trial counsel has already been adjudicated and has already been determined to, it was already defaulted, but in addition to that, it's already been considered by the district court. Well, okay, but I think what I'm hearing appellant's counsel to say is if Mr. Pinario had interviewed this woman, then he could have found out about these other two people. You know, it wouldn't have come as a surprise at the hearing, and that if three people said that they talked about sentence, even though they were directed not to, that that might have carried the burden with enough to grant the new trial. Because, Your Honor, I believe that the prejudice here is difficult to show, and I think, as we stated in our brief, is highly speculative, because that assumes that the, that Mr. Pinario would have found this additional juror that was later found by the Federal Public Defender years later, and that, assuming also that any additional jurors he would have found would have provided beneficial information to the defense. And I don't think that we can say that. What did the court exactly say, and why was the motion for new trial denied? Because the court felt that there were some, the juror testified to some improprieties, and the court ruled that those improprieties were not sufficient to warrant a new trial. So, I mean, did the court basically believe that there had been a discussion about sentence, but that wasn't enough to grant a new trial, or what? The discussion about sentencing was not before the trial court at the motion for new trial. Isn't that the problem? I mean, isn't that the claim? I thought that was the claim of ineffective assistance, that it wasn't brought to the section. Right. But we don't know if it's a problem, because the Petitioner can't establish prejudice by, because we don't know what would have happened. It's speculative to conclude that there would have been additional jurors located and that additional jurors would have provided beneficial information. And that, in fact, that this juror, Juror Griffin, would have even mentioned the brief discussion of sentencing that occurred. Okay. Just summarize your argument. I'm getting confused exactly where you're coming from. Summarize your argument as to why we should affirm in this case. Well, Your Honor, I, the, again, the point I wanted to stress was that the. Now, just tell me, just give me, like, write me the opinion here. Tell me the points that need to be hit and what your best arguments are in each of those. Okay. Well, the certificate of appealability only covers the juror misconduct claim. And so because there's no IAC claim involved, then Trevino and Martinez don't apply in this case. And so the, to the extent, and I'm not conceding that she was, but to the extent that post-conviction counsel was ineffective, then that, her, or not ineffective, but her failure to file the state habeas was not ineffective assistance. It was, so it should be assessed under Coleman. And it was, certainly it was not, as I said, it was not, I'm sure Mr. Martinez's view was not acceptable, but it doesn't rise to the level of ineffective assistance of counsel. If the certificate of appealability does consider, does involve an IAC claim, what's your answer to that then? Well, then, I mean, I think certainly then Martinez and Trevino would apply, but I would also. Is it a claim of substance? That's. Well, and why isn't it if it, I'm trying to take you through the steps here. Okay. I. So I understand your argument. Certainly. I don't believe it would be an argument, or it would be a claim of substance because, again, the district court has already found that the ineffective assistance of trial claim was barred, but went on to consider the merits and found that that was not a meritorious claim. What did the district court say exactly about the merits of the? Basically, the district court said that the counsel was not ineffective because he did what would be expected of a reasonable, competent counsel in that situation. He, when the juror approached him, he directed her to the court and said write a letter to the court outlining your concerns. And then he made a motion for a new trial, and the witness, the juror Griffin, testified at the motion on the new trial, and he questioned her. Okay. So your position is he had no obligation to go and talk to the other jurors and see if there was a problem. Correct. Okay. All right. I think your time has expired unless any of my colleagues have additional questions. Thank you. Thank you. In addressing whether there was prejudice in this case, Apolli claims that the claim is highly speculative, which I think is belied by the record, because as Judge Schroeder pointed out, the fact that this issue of jurors' sentence, of sentencing considered by the jurors, was not before the court. It was not before the trial court, and it was not before the trial court because trial counsel did not do the necessary investigation. And to say that it's speculative, again, is belied by the record, because four years after the fact, the attorney from the Federal Defender's Office had their investigator go out, look for jurors, and they found a juror that corroborated Ms. Griffin. So, I mean, it's been proven that there is additional – there was additional evidence out there that trial counsel did not get. And trial counsel cannot make an informed decision and make a sound trial strategy unless they know, investigate and know all of the information out there. Well, the district court said, Petitioner, moreover and most importantly, the Petitioner does not offer any evidence of what would have been discovered had counsel conducted an interview or investigation as opposed to what the juror ultimately testified to. It simply concludes that valuable information would have been discovered. This vague assertion will not overcome the high standard of district court, and especially in that context. And I – What is wrong with that? I think that's just a flat-out incorrect statement of the record, because, as I just said, what the Office of the Federal Defender did four years after the fact was they did go out and they did do the investigation and they did find evidence. So it's not speculative, and it's not to say that nothing would have come at that. That's where we are. Yes. All right. May I ask two questions, if I may? With respect to the juror misconduct count, first of all, I gather that in your state there – for the jury to speculate on the matter of sentence is considered to be juror misconduct. Is that correct? Yes. What's the Federal violation? I've – because – I mean, you're in habeas – core Federal habeas. Yes. You have to have a Federal violation. Because a defendant is entitled to the right to an impartial jury that is presented – that makes their decision impartially based on the facts presented at the trial. So it would be a Sixth Amendment right to an impartial jury. Now, this was raised in the State trial court, was it not? It – the motion for new trial was as I – is very limited. It's barely – I mean, maybe five or six lines that basically says, based on this letter that Juror Griffin wrote, we're asking for a new trial. The trial attorney did not go into any legal analysis about why this motion should be granted. And after the evidentiary hearing, the attorney didn't argue. He just basically said, well, I'll submit it. So there was no comprehensive legal analysis. But there was an evidentiary hearing. The witness testified. And she testified that that sentence was discussed. Yes. So that was before the trial court. It was before the trial court. However, it was not – I mean, if you read the transcript of the evidentiary hearing, the Court prefaces it by citing case law that's not relevant to that issue. I think he had another question. My point is that I'm concerned about whether – since it was raised in the State trial court, whether it had to – it could have been raised in State habeas review or whether it would be res judicata. I don't believe it would be res judicata. Why not? Because it's – well, because it's an ineffective assistance of counsel claim versus the motion for new trial claim. Or the – yeah, motion for new trial claim. So a substance of juror misconduct claim is different than an ineffective assistance of counsel claim. And so the ineffective assistance of counsel claim can be raised in the State habeas petition, which it was raised in the State habeas petition. I have no question that the ineffective assistance of counsel claim can be raised in the State habeas or should have been raised. It wasn't. But how about the juror misconduct claim? I'm not aware of a rule that would preclude that. I mean, I guess under law of the case doctrine. Well, there is law in the State of California, as I understand it, that if there's an error, a trial error is raised and dealt with by the trial judge and, therefore, cognizable on direct appeal, it cannot be raised in State habeas under the rules of res judicata. Well, so I guess for our purposes here, I'm seeing that as a difference without a distinction, because if we have two claims that are pending in the Federal habeas petition, one is the substantive issue of juror misconduct, which was raised on direct appeal and, therefore, is not procedurally barred and is not subject to the cause and prejudice analysis. So that is properly before this Court. Then the next issue is the ineffective assistance of counsel claim, which, based on the California case law, couldn't be raised on direct appeal because it requires evidence outside the record. So. I'm dealing with the first claim. So I guess it's properly before this Court because it was raised and exhausted in State court in a timely manner. So I'm not – maybe I'm not understanding your question. Well, my question was simply whether the substantive claim, the Sixth Amendment claim, could have been raised in State habeas. As I read your brief, you thought it could be, and I'm not too sure that it can be. It's my belief that it could be. I don't. Okay. If there's anything else. All right. There do not appear to be additional questions. Thank you both for your argument. This matter will stand submitted.
judges: Schroeder, Ripple, Callahan